IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN L. SEALS, #504357 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No. 12-cv-826-GPM |
| | ) |
| RICHARD A. RUNDE, | ) |
| EDWARD DETERS, | ) |
| JASON MCFARLAND, and | ) |
| JOHN P. COADY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

MURPHY, District Judge:

Plaintiff, currently incarcerated at Big Muddy Correctional Center, is serving a 14 year sentence for predatory sexual assault. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Runde, his public defender in the underlying case, Defendant Deters, Effingham County State's Attorney, Defendant McFarland, investigator for the Effingham County Sheriff's Office, and Defendant Coady, the Circuit judge presiding over Plaintiff's criminal case. Plaintiff states in his complaint that he has not filed a grievance in this matter.

Additionally Plaintiff's claims arise from criminal investigation and criminal proceedings that took place in 2005 and 2006. Without reviewing the specifics of Plaintiff's allegations, the Court notes that generally Plaintiff states only in a conclusory manner that the criminal investigation and trial involved evidentiary issues, falsehoods, lack of DNA testing and personal bias by some or all of the defendants. Plaintiff requests a new trial. Examination of Plaintiff's

1

complaint, however, reveals that Plaintiff in no way articulates a cognizable claim against any Defendant for a violation under 42 U.S.C. §1983.

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). These claims shall be dismissed with prejudice.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts.

Plaintiff has made only the broadest of objections to the entire nature of the criminal investigation and proceedings that have led to his conviction. His conviction has not been invalidated by any previous court proceeding. Even if the Court could discern the specific nature of Plaintiff's allegations, it is clear that his complaint, in order to succeed, would necessarily invalidate his conviction and thus cannot proceed in a §1983 action. His complaint shall be dismissed with prejudice.

**Disposition**

The entire case and Defendants Runde, Deters, McFarland and Coady shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. Clarke and Farris shall be dismissed with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk shall **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED:** August 29, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

3